UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William D. Moore and Yvonne Moore, | ) | |
| | ) | |
| plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 C 596 |
| | ) | |
| Washington Mutual Bank, | ) | Honorable Ruben Castillo |
| | ) | |
| defendant. | ) | |

**WASHINGTON MUTUAL BANK'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

      This lawsuit arises from a mortgage loan transaction between plaintiffs and Washington Mutual Bank. Plaintiffs acknowledge their default on the note, but contend they fended off two successive state court foreclosure lawsuits with the same defense -- that the Bank failed to personally consult with plaintiffs, as required by regulations imposed by the Department of Housing and Urban Development. Plaintiffs further allege they filed a complaint against the Bank with a state administrative agency, and dispute the contents of a letter allegedly produced by the Bank in that proceeding.

      Plaintiffs here attempt to parlay those now-concluded state matters into three federal and seven state law claims. Federally, plaintiffs say the Bank violated, in the course of those state proceedings, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and Violation of Federal Housing Regulations. Plaintiffs further add seven pendent state law claims, for breach of contract, unfair and

deceptive practices, intentional misrepresentation, negligence, breach of fiduciary duty, breach of duty of good faith and fair dealing, and declaratory/injunctive relief.

As is shown below, the complaint fails to state viable claims and therefore must be dismissed. First, the Fair Debt Collection Practices Act claim must be dismissed because the Bank is not a debt collector, and also because the claim is time-barred. Second, the Real Estate Settlement Procedures Act also fails, because no violation of that statute has been alleged. Third, the law does not recognize an affirmative cause of action for "Violation of Federal Housing Regulations. Finally, the remaining state law claims should be dismissed for lack of subject matter jurisdiction or, in the alternative, for their own pleading deficiencies.

For those reasons, as more fully set forth below, the complaint must be dismissed.

### STATEMENT OF FACTS[1]

1. This lawsuit arises from a 2002 mortgage loan between plaintiffs and Washington Mutual Bank, and from certain related state court and administrative proceedings. (Cplt. ¶¶ 4-16, 35.)

2. Plaintiffs allege their mortgage fell into "arrears" in December 2003. (Cplt. ¶ 6.) In 2004, the Bank filed a state court foreclosure lawsuit. (Id. ¶ 13.)

3. Notwithstanding their admitted failure to pay, plaintiffs obtained a dismissal of the foreclosure lawsuit because, plaintiffs say, the Bank failed to comply

---

[1] Because Washington Mutual Bank has moved to dismiss the complaint, the following allegations from the complaint are taken as true for purposes of the motion. Airborne Beepers & Video v. AT&T Mobility, 499 F.3d 663, 664 (7th Cir. 2007).

with certain regulations promulgated by the Department of Housing and Urban Development ("HUD").  (Cplt. ¶¶ 15-16.)  Those HUD regulations required the Bank to attempt certain pre-foreclosure contacts with plaintiffs, regarding the mortgage loan, its delinquency, and possible repayment terms.  (Id.)

      4.      More than a year later, in December 2005, the Bank filed a second state court foreclosure lawsuit against plaintiffs.  (Cplt. ¶ 25.)  Again plaintiffs moved to dismiss, asserting the Bank's failure to comply with HUD regulations.  (Id. ¶¶ 26-27.)  In June 2006 this lawsuit, like its predecessor, "was dismissed because of [the Bank's] failure to comply with HUD's servicing requirements."  (Id. ¶ 29.)

      5.      Next, plaintiffs filed a "Fair Housing Complaint" with HUD regarding the Bank, which was "transferred" to the "Illinois Department of Human Rights."  (Cplt. ¶¶ 35, 36, 38.)  In that proceeding the Bank "produced" a letter "to protect itself from its loan servicing failures," which plaintiffs contend was "inaccurate."  (Id. ¶¶ 37-40.)  Plaintiffs do not disclose the result of that complaint.  (Id. passim.)

      6.      Plaintiffs bring three federal claims, based on "federal question" jurisdiction (28 U.S.C. § 1331), and seven state law claims, based on "supplemental" jurisdiction (28 U.S.C. § 1367).  (Cplt. first page, unnumbered paragraph.)[2]

      7.      As to the federal claims, plaintiffs contend the above-described foreclosure and other proceedings, and the Bank's alleged contacts with plaintiffs, violated the Fair Debt Collection Practices Act (Count I), the Real Estate Settlement Procedures Act (Count II), and "Federal Housing Regulations" (Count III).

---

[2]  Plaintiff also makes reference to 28 U.S.C. § 1343 ("Civil Rights and Elective Franchise") with his jurisdictional allegations, but no claim appears to be based on that statute.

8. As to the state law causes of action, plaintiffs allege their dealings with the Bank give rise to claims of breach of contract (Count IV), unfair and deceptive acts and practices (Count V), intentional misrepresentation (Count V#2), negligence (Count VI), breach of fiduciary duty (Count VII), breach of duty of good faith and fair dealing (Count VIII), and declaratory and injunctive relief (Count VIII#2).

For the following reasons, the complaint must be dismissed.

## ARGUMENT

### I.  COUNT I MUST BE DISMISSED BECAUSE IT FAILS TO STATE A FDCPA CLAIM AND ALSO IS TIME-BARRED.

Plaintiffs' claim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Count I), must be dismissed for two basic reasons.

First, Washington Mutual Bank is not a debt collector within the meaning of the Fair Debt Collection Practices Act. That statute expressly limits the definition of "debt collector" to persons or entities who collect debts owed to others. A person or entity that collects its own debts is not included:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due <u>another</u>.

15 U.S.C. § 1692a(6) (emphasis added). Because Washington Mutual Bank is not a debt collector, Count I must be dismissed. See <u>Somin v. Total Community Management Corp.</u>, 494 F. Supp. 2d 153, 159-60 (E.D.N.Y. 2007) (dismissing foreclosure-based FDCPA claim because mortgage lender was "not a proper defendant under the FDCPA" --

"[o]riginators of mortgage loans have been recognized, as not falling within the definition of debt collectors and therefore not subject to the FDCPA") (citation omitted).

Second, Count I additionally fails because plaintiffs' own allegations show the FDCPA claim is time-barred. Under the Act, 15 U.S.C. 1692k(d), "[a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."[3]

Here, plaintiffs allege the Bank violated the FDCPA in 2004 and 2005, when the Bank brought the two mortgage foreclosure lawsuits. (Cplt. ¶¶ 13, 25.) The second mortgage foreclosure lawsuit was dismissed in June 2006. (Id. ¶ 29.) The latest alleged communication between plaintiffs and the Bank occurred on November 2, 2006. (Cplt. ¶ 33.) Plaintiffs filed suit more than one year later, January 28, 2008. Therefore, on the face of the complaint, the Fair Debt Collection Practices Act claim is time-barred and must be dismissed.[4]

---

[3] Although "[t]he Federal Rules of Civil Procedure provide that a statute of limitations defense is an affirmative defense which should be set forth in 'pleading to a preceding pleading,'" a limitations defense is "an appropriate ground for dismissal if it 'clearly appears on the face of the complaint.'" E.E.O.C. v. Park Ridge Public Library, 856 F. Supp. 477, 480 (N.D. Ill. 1994) (citation omitted). In other words, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (citation omitted), cert. denied, 127 S. Ct. 1912 (2007). Here, the complaint's allegations more than sufficiently demonstrate that the Fair Debt Collection Practices Act claim is time-barred.

[4] Even if there were subsequent communications within the one-year limitations period, they would not make the FDCPA claim timely, because continued communications regarding the same debt do not extend the one year limitations period. See, e.g., Nutter v. Messerli & Kramer, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007) (new communications regarding an old claim do not extend the limitations period under the Fair Debt Collection Practices Act).

## II. COUNT II MUST BE DISMISSED BECAUSE IT FAILS TO STATE A RESPA CLAIM.

Plaintiffs' claim for "Violation of RESPA" (Count II) -- alleging the Bank "fail[ed] to meet the requirements of 12 U.S.C. § 2605 regarding servicing and responding to qualified written requests" (Cplt. ¶ 45) -- also must be dismissed.

The Real Estate Settlement Procedures Act requires a "loan servicer" to investigate and respond to a borrower's "qualified written request" for information within sixty days. 12 U.S.C. § 2605(e). A "qualified written request" further requires, among other things, descriptions of the alleged error and the "information sought:"

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that -
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Here, plaintiffs allege (1) they were notified by the Bank that they were "in arrears on their mortgage;" (2) plaintiffs "were not aware that [the Bank] had reinstated the mortgage," and "requested information regarding the purported reinstatement;" and (3) the Bank timely responded with "letters" that included a "ledger of account," but the letters did not "state the terms upon which [their] mortgage was purportedly reinstated." (Cplt. ¶¶ 31-34.) Those allegations do not state a RESPA claim. At most they establish that plaintiffs inquired why their loan was "reinstated," and that the Bank did

not provide "terms" for reinstatement.  Section 2605 of RESPA addresses with "errors" regarding the servicing of accounts.  Plaintiffs' allegations, regarding "terms" of "reinstatement" of an existing mortgage loan, do not state a claim under Section 2605.  See Morequity v. Naeem, 118 F. Supp. 2d 885, 900-01 (N.D. Ill. 2000) (dismissing Section 2605 claim even though plaintiffs alleged a "qualified written request;" "[n]one of the irregularities alleged . . . relate in any way to the "servicing" of the loan, as that term is defined in the statute").

Finally, even if plaintiffs had alleged a violation of RESPA, which they have not, the RESPA claims still fails because plaintiffs have not alleged they incurred any actual damages.  See Byrd v. Homecomings Financial Network, 407 F. Supp. 2d 937, 945-46 (N.D. Ill. 2005) (plaintiff failed to state a RESPA claim because plaintiff "does not and cannot allege actual damage").  Therefore, Count II must be dismissed.

### III. COUNT III MUST BE DISMISSED BECAUSE IT FAILS TO STATE A "FEDERAL HOUSING REGULATIONS" CLAIM.

Plaintiffs' third and final federal claim, for "Violation of Federal Housing Regulations," also must be dismissed.  Plaintiffs contend the Bank "failed to comply with HUD's regulations" by failing to "have a face-to-face interview" with plaintiffs, failing to "review its file before filing the mortgage foreclosure action to determine if it was in compliance with HUD's Regulations," and by failing to "negotiate a repayment plan consistent with [plaintiffs'] circumstances to bring the account current . . . ."  (Cplt. ¶¶ 48-51; citing 24 C.F.R. §§ 203.604, 203.606.)

Non-compliance with HUD regulations may potentially be raised, as an affirmative defense, in a foreclosure proceeding. <u>Bankers Life Co. v. Denton</u>, 458 N.E.2d 203, 205 (Ill. App. Ct. 1983). Failure to comply with HUD regulations may not, however, be asserted as an independent cause of action. <u>See</u>, <u>e.g.</u>, <u>Wells Fargo Home Mortgage v. Neal</u>, 922 A. 2d 538, 543-44 (Md. 2007) ("the great weight of authority around the country roundly rejects the notion that either the NHA or associated HUD regulations support either direct or implied causes of action for their violation;" collecting cases). Therefore, Count III fails to state a claim and must be dismissed.

### IV. THE REMAINING STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

If Counts I through III are dismissed, then plaintiffs' remaining, seven state law claims also must be dismissed, for lack of subject matter jurisdiction.[5] On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the complaint's allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor, but plaintiff bears the burden of establishing that subject matter jurisdiction exists. <u>Dockside Development v. Illinois Intern. Port</u>, 479 F. Supp. 2d 842, 845 (N.D. Ill. 2007) (citations omitted).

Plaintiffs allege that subject matter jurisdiction exists over the state law claims, pursuant to supplemental jurisdiction, 28 U.S.C. § 1367. (Cplt. ¶ 2.) If the three federal claims are dismissed, then supplemental jurisdiction over the state claims should not be exercised. <u>See</u> <u>Dockside Development</u>, 479 F. Supp. 2d at 850 ("[w]hen a federal

---

[5] The state law claims are contained in Counts IV-VIII, but there are two duplicate claim numbers, making a total of seven state claims.

- 8 -

claim is dismissed, the court should relinquish supplemental jurisdiction over any remaining state law claims"); <u>Schor v. Abbott Laboratories</u>, 378 F. Supp. 2d 850, 860 (N.D. Ill. 2005) (dismissing federal Sherman Act claim, and declining to exercise supplemental jurisdiction over remaining state law claims), <u>aff'd</u>, 457 F.3d 608 (7th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1257 (2007).

For those reasons, all seven state law claims, Counts IV, V, V#2, VI, VII, VIII, and VIII#2, must be dismissed.

### V. PLAINTIFFS' STATE LAW CLAIMS ARE INDEPENDENTLY DEFECTIVE AND THEREFORE MUST BE DISMISSED.

Even if jurisdiction is exercised over the state law claims, moreover, those claims suffer from additional, fatal defects that require their dismissal.

First, Count IV, for breach of contract, fails to state a claim. Plaintiffs merely restate their allegations that the Bank failed to comply with HUD regulations, then conclude the Bank "breached the contractual agreement between [the Bank] and [plaintiffs] regarding the servicing of their loan." (Cplt. ¶¶ 54-58.) As shown above, alleged violations of HUD regulations cannot form the basis for an independent cause of action. <u>Wells Fargo Home Mortgage v. Neal</u>, 922 A. 2d 538, 541 (Md. 2007). Nor do plaintiffs allege what "contractual agreement" the Bank allegedly "breached," or any other required elements of a contract claim. See <u>Applied Industrial Materials Corp. v. Mallinckrodt</u>, 102 F. Supp. 2d 934 (N.D. Ill. 2000) ("[u]nder Illinois law, [plaintiff] must plead each of the following elements to allege a breach of contract claim: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach

of the contract by the defendant; and (4) resulting injury to the plaintiff; citations omitted). Therefore, Count IV must be dismissed.

Second, Count V, denominated "unfair and deceptive acts and practices," based on the Bank's alleged attempts to foreclose, also fails to state a claim. Research reveals no common law cause of action for "unfair and deceptive acts and practices." Nor have plaintiffs attempted to allege any claim under the Consumer Fraud and Deceptive Business Practices Act. See <u>United States v. All Meat and Poultry Products</u>, 470 F. Supp. 2d 823, 830-31 (N.D. Ill. 2007) ([t]o state a claim under the Consumer Fraud Act, the count must allege: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce"); <u>see also</u> <u>U.S. v. All Meat and Poultry Products</u>, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007) (applying Rule 9(b) to "claims brought under the Illinois Consumer Fraud Act;" citation omitted.) Therefore, Count V must be dismissed.

Third, Count V#2, styled "intentional misrepresentation," presumably a reference to "fraud," also fails to state a claim. Plaintiffs attempt to cast the Bank's foreclosure lawsuits, its communications with plaintiffs regarding those lawsuits, and its defense of plaintiff's administrative complaint as "representations" that were "false." (Cplt. ¶¶ 63-67.) Those allegations do not state a claim for fraud. <u>Lucini Italia Co. v. Grappolini</u>, 231 F. Supp. 2d 764, 771 (N.D. Ill. 2002) ("[t]o state a claim for common law fraud, the plaintiff must allege: (1) the defendant made a statement, (2) the statement was material in nature, (3) the statement was untrue, (4) the defendant knew that it was untrue or made the statement with culpable ignorance of its truth or falsity, (5) the

statement was made for the purpose of inducing the plaintiff's reliance, (6) the statement was actually relied upon by the plaintiff, and (7) the plaintiff suffered injury as a result"). Therefore, Count V#2 must be dismissed.[6]

        Fourth, Count VI, asserting "negligence" or "negligent servicing," also must be dismissed. Plaintiffs contend the Bank owed them a "duty of care" arising from the National Housing Act," and that the Bank's "conduct with respect to [plaintiffs and others] was far below applicable standards for mortgage loan servicing." (Cplt. ¶¶ 73-75.) Those allegations fail because plaintiffs again attempt to rely on alleged non-compliance with HUD regulations, which, as shown above, cannot support an independent cause of action. Nor can plaintiffs base a negligence claim on alleged "standards for mortgage loan servicing," because the Bank is guided by the mortgage, not some set of theoretical, undefined "standards." See Perkaus v. Chicago Catholic High School Athletic League, 488 N.E.2d 623, 626 (Ill. App. Ct. 1986) ("[a] complaint for negligence must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach;" "defendant's duty will not be extended beyond the duties described in the contract"); see also Moorman Manufacturing Co. v. National Tank Co., 435 N.E.d2d 443, 453 (Ill. 1982) (purely economic losses are not, with certain limited exceptions, recoverable in tort actions).

---

[6] Count V#2 further violates Rule 9(b)'s particularity requirements. See Fed. R. Civ. P. 9(b) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"); Boyd Machine & Repair Co. v. American Intern. Homes, 100 F. Supp. 2d 898, 900 (N.D. Ill., 2000) ) (granting Rule 9(b) motion to dismiss fraud claim for lack of particularity; allegations supplied "general nature of the purported misrepresentations," but did not "supply the detail required by Rule 9(b);" citing Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1328 (7th Cir. 1994).)

Therefore, Count VI must be dismissed.[7]

Fifth, plaintiffs' claim for breach of fiduciary duty (Count VII) also fails to state a claim. Washington Mutual Bank, as plaintiffs' mortgage lender, did not owe plaintiff a fiduciary duty. See, e.g., Mijatovich v. Columbia Savings and Loan Ass'n, 522 N.E.2d 728, 731 (Ill. App. Ct. 1988) ("the relationship of the parties was that of a creditor and debtor, and no fiduciary duty exists;" citations omitted); Graham v. Midland Mortgage Co., 406 F. Supp. 2d 948, 953 (N.D. Ill. 2005) (discussing "general rule" that "[u]nder Illinois law, '[a] mortgagor-mortgagee relationship does not create a fiduciary duty as a matter of law;'" quoting Teachers Ins. & Annuity Ass'n v. LaSalle Nat. Bank, 691 N.E.2d 881, 888 (Ill. App. Ct. 1998)). Therefore, Count VII must be dismissed.

Sixth, plaintiffs' claim for breach of duty of good faith and fair dealing (Count VIII) also is fatally flawed. To properly plead that claim, plaintiffs must allege Bank "had wide discretion in contract performance" and "that it exercised this discretion in bad faith." See Peterson v. H & R Block Tax Services, 971 F. Supp. 1204, 1211 (N.D. Ill. 1997). Plaintiffs have not remotely alleged that the Bank exercised bad-faith discretion against them, in the performance of any contract. Therefore, Count VIII must be dismissed.

Finally, plaintiffs' claim for "declaratory and injunctive relief" (Count VIII#2) also fails. According to plaintiffs they are "entitled to declaratory relief that [the Bank's] conduct is unlawful," together with "injunctive relief . . . to insure that such conduct will not continue into the future, to provide uniform standards of conduct

---

[7] Additionally, because the statute of limitations for negligence claims is two years, 735 ILCS 5/13-202, all alleged acts prior to January 28, 2006 are time-barred.

for servicing loans."  (Cplt. ¶¶ 87-88.)  Those allegations are insufficient, because they again rely on mythical "standards of conduct," and further fail to allege any right to injunctive relief.  See <u>Employers Ins. of Wausau v. Ehlco Liquidating Trust</u>, 723 N.E. 2d 687, 701 (Ill. App. Ct. 1999) ("the rights and liabilities of the parties to a contract who seek declaratory judgment relief do not derive from the statute that creates declaratory judgment actions.  Rather, those rights and liabilities derive from the contract which creates them"); <u>Beahringer v. Roberts</u>, 776 N.E.2d 247, 252 (Ill. App. Ct. 2002) ("[a] plaintiff is not entitled to declaratory relief unless (1) the plaintiff has a tangible interest, (2) the defendant has an adverse interest, and (3) an actual controversy exists over the interest"); <u>Medcare HMO v. Bradley,</u> 788 F. Supp. 1460, 1463-64 (N.D. Ill. 1992) (party seeking injunction must show (1) no adequate remedy at law exists; (2) irreparable harm will arise absent injunctive relief; (3) the irreparable harm suffered in the absence of injunctive relief outweighs the irreparable harm the nonmoving party will suffer if the injunction is granted; (4) the injunction will not harm the public interest; and (5) the moving party will succeed on the merits).  Therefore, Count VIII#2 must be dismissed.

- 14 -

## **CONCLUSION**

For the above reasons, all counts of the complaint must be dismissed.

                                  WASHINGTON MUTUAL BANK

                                  By: _____
                                          One of its attorneys

Glenn E. Heilizer
Law Offices of Glenn E. Heilizer
Five North Wabash Avenue
Suite 1304
Chicago, Illinois 60602
312-759-9000

Dated: May 27, 2008

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Washington Mutual Bank, certifies that he caused copies of the following documents to be served on the following parties by United States mail this 27th day of May, 2008:

    Washington Mutual Bank's memorandum in support of
    motion to dismiss

William Moore
Yvonne Moore
6219 West Old Plank Blvd
Matteson, IL  60443

*/s/ Glenn Heilizer*
_____
GLENN E. HEILIZER